UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLOS ROJAS,

    Petitioner,

v.                                               CASE NO. 6:08-cv-1099-Orl-19GJK
                                                          (6:02-cr-126-Orl-19GJK)

UNITED STATES OF AMERICA,

    Respondent.

---

## **ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Carlos Rojas (Doc. No. 4). The Government filed a response to the motion (Doc. No. 7). Petitioner filed a reply to the response (Doc. No. 9).

Petitioner raises one claim for relief in his motion, that counsel rendered ineffective assistance by failing to file a notice of appeal. The Government contends that Petitioner's § 2255 motion is untimely.

## I.    *Background*

On July 22, 2003, Petitioner entered a guilty plea to a charge of conspiracy to possess with intent to distribute methylenedioxymethamphetamine (MDMA). (Criminal Case No. 6:02-cr-126-Orl-19GJK, Doc. No. 165.)[1] A sentencing hearing was conducted, and, on January 27, 2004, this Court entered a Judgment in a Criminal Case, sentencing Petitioner

---

[1] Criminal Case No.6:02-cr-126-Orl-19GJK will be referred to as "Criminal Case."

to a 135-month term of imprisonment.  Petitioner did not immediately file a direct appeal of his conviction or sentence.

On or about June 2, 2008, Petitioner sent a letter of inquiry to the Clerk of the Court requesting to know the status of his appeal.  (Criminal Case Doc. No. 223.)  In the letter, Petitioner asserted that he told his attorney to file an appeal following the sentencing hearing and his attorney advised him that he would do so.  *Id*.  He wrote that his attempts to contact his attorney "had been futile" because his attorney would not respond to his letters.  *Id*.

On June 15, 2008, the Court ordered the Clerk to respond to Petitioner's inquiry informing him that no appeal had been filed.  (Criminal Case Doc. No. 224.)  Additionally, the Court ordered the letter to be designated as a Notice of Appeal.  *Id*.

On July 9, 2008, Petitioner initiated this proceeding.  On July 24, 2008, the Eleventh Circuit *sua sponte* dismissed Petitioner's appeal for lack of jurisdiction due to untimeliness.  (Criminal Case Doc. No. 229.)

## II.   Timeliness of Petitioner's Motion

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of --
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively application to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Government contends that Petitioner's motion is subject to dismissal because it was not timely filed under the one-year limitation of § 2255.

Under the time limitation set forth in § 2255(1), Petitioner had one year from when his conviction became final to file a § 2255 motion. Petitioner's Judgement of Conviction was entered on January 27, 2004, and he did not file a timely direct appeal. Therefore, his conviction became final on February 10, 2004, when the time for filing an appeal expired. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (a conviction which is not appealed becomes final when the time allowed for filing an appeal expires). Thus, Petitioner had through February 10, 2005, to file his § 2255 motion. However, the instant motion was not filed until June 20, 2008, under the mailbox rule.

Petitioner contends that his motion was timely filed pursuant to § 2255(4) because he filed it within one year of discovering that his attorney had not filed a direct appeal. *See* Doc. No. 9. In support of this argument, Petitioner maintains that he requested his attorney to file an appeal and counsel told him that he would do so. *Id*. at 2. According to Petitioner, counsel told him that "appeals often take a considerable amount of time," and that he would be advised once a decision had been rendered. *Id*. Petitioner asserts that he

3

"never received an[y] correspondence from counsel advising [him] of the status of the appeal, and [he] assumed the appeal was taking its course." *Id.*

Petitioner did not indicate any date on which he requested his attorney to file an appeal and date(s) he attempted to contact counsel regarding his appeal. Additionally, Petitioner did not attach any evidence demonstrating that he in fact requested an appeal or attempted to contact his attorney. As such, on March 10, 2009, the Court ordered Petitioner, within twenty days of the date of the order, to file an affidavit or affidavits under oath or under penalty of perjury in compliance with 28 U.S.C. § 1746, accompanied by relevant documentary evidence, as to these factual issues. *See* Doc. No. 11. The Court noted that failure to provide such evidence would result in a finding that the instant petition was untimely filed. *Id.* To date, Petitioner has not filed any such evidence.

Thus, the Court concludes that Petitioner has failed to demonstrate that he acted with reasonable diligence in discovering that his attorney had not filed an appeal. *See, e.g., Montenegro v. United States*, 248 F.3d 585, 590-93 (7th Cir. 2001) (declining to decide whether § 2255 petitioner actually requested attorney to file direct appeal, but affirming decision that petition was time barred because the fact "[t]hat an appeal had not been filed was a matter of public record, which reasonable diligence could have unearthed."), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). The instant motion was filed approximately four and a half years after Petitioner's conviction became final. *See, e.g., Zapata v. United States*, Nos. 90 Cr. 943, 99 Civ. 00085, 2000 WL 1610801 at *3 (S.D. N.Y. Oct. 27, 2000) ("a duly diligent person" does not require "three and a half years . . . to

discover that counsel had not filed a notice of appeal . . . ."; *Tineo v. United States*, No. 01 CIV. 4511 (HB), 97 CR. 313 (HB), 2002 WL 1997901 at *2 (S.D. N.Y. Aug. 29, 2002) ("A duly diligent person in [petitioner's] shoes would not have needed more than three years to discover the alleged ineffectiveness of counsel, including whether his attorney had failed to file a direct appeal."); *Gonzalez v. United States*, 02 Civ. 2733, 2002 WL 31512728 at *4 (S.D. N.Y. Nov. 8, 2002) ("a 46-month delay" does not demonstrate a "reasonable concept of due diligence" even considering "a petitioner's pro se status and the realities of prison life."); *Plowden v. Romine*, 78 F. Supp. 2d 115, 119 (E.D. N.Y. 1999) (denying equitable tolling of § 2244(d)(1), because petitioner's 17-month delay in checking on status of state appeal proved lack of diligence). Therefore, in light of the lack of evidence demonstrating the existence of a genuine issue of material fact, the Court finds that Petition's motion was untimely filed.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 4) filed by Carlos Rojas is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:02-cr-126-Orl-19GJK and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 235) pending in that case.

**DONE AND ORDERED** at Orlando, Florida this __10th__ day of April, 2009.

*[Signature: Patricia C. Fawsett]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 4/10
Carlos Rojas
Counsel of Record