UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLOS ROJAS,

    Petitioner,

v.

UNITED STATE OF AMERICA,

    Respondent.

CASE NO. 6:08-cv-1099-Orl-19GJK
(6:02-cr-126-Orl-19GJK)

## **ORDER**

This case is before the Court on Petitioner's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 14.) For the following reasons, Petitioner's motion is denied.

As noted in this Court's order denying Petitioner 28 U.S.C. § 2255 motion, Petitioner's sole claim for relief in his section 2255 motion was that his attorney failed to file an appeal. (Doc. No. 12.) Petitioner claimed that he requested his attorney to file an appeal and counsel told him that he would do so. According to Petitioner, counsel told him that "appeals often take a considerable amount of time," and that he would be advised once a decision had been rendered. (Doc. No. 9 at 2.) However, Petitioner "never received an[y] correspondence from counsel advising [him] of the status of the appeal, and [he] assumed the appeal was taking its course." *Id*.

Because Petitioner did not submit any evidence demonstrating that he in fact requested an appeal be filed or attempted to contact his attorney regarding the status of his appeal, the Court ordered him to file such evidence. *See* Doc. No. 11. Petitioner, however, failed to comply with the Court's order and as a result his section 2255 motion was denied, and this case was dismissed with prejudice on April 10, 2009. *See* Doc. No. 12.

On April 27, 2009, Petitioner filed a motion to alter or amend judgement asserting that he was unable to timely comply with the Court's order for various reasons. *See* Doc. No. 14. The Court granted Petitioner additional time by which to submit the relevant documentary evidence pertaining to the issue in his section 2255 motion before ruling on the motion to alter or amend judgment. *See* Doc. No. 15. In response, Petitioner has submitted the following evidence in support of his claim that he requested his attorney to file an appeal and attempted to contact his attorney regarding the status of his appeal: (1) a portion of the transcript from his sentencing hearing; (2) a letter from Petitioner to his attorney dated May 30, 2006; and (3) a letter from Judith Perez to Petitioner's attorney dated July 24, 2008. *See* Doc. No. 16.

As an initial matter, the Court outlines a brief time-line of Petitioner's case. Petitioner entered a guilty plea to a charge of conspiracy to possess with intent to distribute MDMA on July 22, 2003, and he was sentenced to a 135-month term of imprisonment on January 27, 2004. The sentencing transcript reveals that Petitioner was informed about his right to appeal, and Petitioner's attorney indicated that he would be representing him on appeal. *See* Doc. No. 16 at 3. However, no notice of appeal was filed.

On or about June 2, 2008, Petitioner sent a letter to the Clerk of the Court inquring about the status of his appeal. In the letter, Petitioner asserted that he told his attorney to file an appeal following the sentencing hearing and his attorney advised him that he would do so. He wrote that his attempts to contact his attorney had been futile because his attorney would not respond to his letters.

On June 15, 2008, the Court ordered that Petitioner's letter be designated as a Notice of Appeal, and on July 24, 2008, the Eleventh Circuit Court of Appeals *sua sponte* dismissed the appeal for lack of jurisdiction due to untimeliness.

The first letter Petitioner has submitted in support of his motion to alter or amend judgment is a letter he wrote to his attorney dated May 30, 2006. In the letter, Petitioner requests that his "entire criminal file" be forwarded to him at his place of incarceration. *See* Doc. No. 16 at 7. The Court notes that the letter appears to have been written well over two years after the date Petitioner was sentenced and mentions nothing about an appeal or the status of an appeal. As such, this letter does not support Petitioner's claim.

The second letter Petitioner has submitted in support of his motion is a letter written by Judith Perez to Petitioner's attorney dated July 24, 2008. *See* Doc. No. 16 at 6. In the letter, Judith Perez notes that she has attempted to contact the attorney by telephone on several occasions without success and that Petitioner has not heard from him either. *Id*. The Court notes that this letter was written after Petitioner discovered that an appeal had not been filed and after this Court directed that his June 15, 2008, letter of inquiry to be filed as a notice of appeal. Therefore, this letter does not support Petitioner's claim.

Once again, the Court concludes that Petitioner has failed to demonstrate that he acted with reasonable diligence in discovering that his attorney had not filed an appeal. *See* Doc. No. 12 at 4 citing *Montenegro v. United States*, 248 F.3d 585, 590-93 (7th Cir. 2001) (declining to decide whether § 2255 petitioner actually requested attorney to file direct appeal, but affirming decision that petition was time barred because the fact "[t]hat an appeal had not been filed was a matter of public record, which reasonable diligence could have unearthed."), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001)  Petitioner's first contact with this Court inquiring about the status of his appeal was over four and a half years after he was sentenced. Courts have found that shorter periods of time constitute unreasonable delays. *See e.g., Zapata v.*

*United States*, Nos. 90 Cr. 943, 99 Civ. 00085, 2000 WL 1610801 at *3 (S.D. N.Y. Oct. 27, 2000) ("a duly diligent person" does not require "three and a half years . . . to discover that counsel had not filed a notice of appeal . . . ."); *Tineo v. United States*, No. 01 CIV. 4511 (HB), 97 CR. 313 (HB), 2002 WL 1997901 at *2 (S.D. N.Y. Aug. 29, 2002) ("A duly diligent person in [petitioner's] shoes would not have needed more than three years to discover the alleged ineffectiveness of counsel, including whether his attorney had failed to file a direct appeal."); *Gonzalez v. United States*, 02 Civ. 2733, 2002 WL 31512728 at *4 (S.D. N.Y. Nov. 8, 2002) ("a 46-month delay" does not demonstrate a "reasonable concept of due diligence" even considering "a petitioner's pro se status and the realities of prison life."); *Plowden v. Romine*, 78 F. Supp. 2d 115, 119 (E.D. N.Y. 1999) (denying equitable tolling of § 2244(d)(1), because petitioner's 17-month delay in checking on status of state appeal proved lack of diligence). Therefore, the Court finds no basis in which to alter or amend its previous judgment denying Petitioner's section 2255 motion as untimely. Accordingly, Petitioner's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. No. 14) is **DENIED**.

  **DONE AND ORDERED** at Orlando, Florida this __1st__ day of June, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 6/1
Carlos Rojas
Counsel of Record

4